UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CIVIL ACTION NO.: 7:14-cv-258-D

| | |
|---|---|
| DAVID BLACKMON, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>G.UB.MK CONSTRUCTORS, a joint venture )<br>between WORLEYPARSONS GROUP, INC., )<br>WILLIAMS PLANT SERVICES, LLC, and URS )<br>CORPORATION (now known as AECOM )<br>Technology Corporation); WORLEYPARSONS )<br>POLESTAR, INC., WORLEYPARSONS OF )<br>NORTH CAROLINA, INC., and ENSAFE, INC., )<br>)<br>Defendants. )<br>) | ORDER GRANTING DEFENDANTS G.UB.MK CONSTRUCTORS, a joint venture between WORLEYPARSONS GROUP, INC., WILLIAMS PLANT SERVICES, LLC, and URS CORPORATION (now known as AECOM Technology Corporation); WORLEYPARSONS POLESTAR, INC., and WORLEYPARSONS OF NORTH CAROLINA, INC.'s MOTION TO COMPEL |

Before the Court is Defendants G.UB.MK Constructors, a joint venture between WorleyParsons Group, Inc., Williams Plant Services, LLC, and URS Corporation (now known as AECOM Technology Corporation); WorleyParsons Polestar, Inc., and WorleyParsons of North Carolina, Inc.'s Motion to Compel, to which Plaintiff has not responded. Having reviewed the submissions related to said motion, the Court finds that an order should be entered requiring Plaintiff David Blackmon to fully and completely answer and respond to Defendants' First Set of Interrogatories and First Request for Production of Documents to Plaintiff in accordance with the Federal Rules of Civil Procedure.

It is therefore ORDERED, ADJUDGED, and DECREED that Plaintiff David Blackmon produce complete responses to Defendants' Interrogatories and Request for Production of Documents as follows:

1. In response to Request No. 2 of Defendants' First Request for Production of

Documents, Plaintiff shall produce all medical records that were created in connection with his alleged injuries in this matter including but not limited to all of plaintiff's pre- and post-incident primary care physician records, specialist physician records, pulmonary function tests, CT scans, and fitness-for-duty tests.

2. In response to Request No. 3 of Defendants' First Request for Production of Documents, Plaintiff shall produce all medical records, including all Pulmonary Function Tests (PFTs) for a 10-year period prior to the incident until and including the present which is the basis for this lawsuit.

3. In response to Request No. 6 of Defendants' First Request for Production of Documents, Plaintiff shall produce all documents that show, verify or describe any lost wages he incurred or which will be incurred in the future as a result of the incident which is the basis for this lawsuit.

4. In response to Request No. 8 of Defendants' First Request for Production of Documents, Plaintiff shall produce all documents or reports relating to any investigation of this incident by any person or entity.

5. In response to Request No. 13 of Defendants' First Request for Production of Documents, Plaintiff shall produce all notes, diaries, letters, tapes, e-mails or other documentation generated or maintained by plaintiff concerning the events before, during and after the incident referred to in the Complaint.

6. In response to Request No. 17 of Defendants' First Request for Production of Documents, Plaintiff shall produce all State and Federal tax returns, including all schedules and W-2 forms filed, either individually or jointly, for the five years preceding the incident referred to in the Complaint.

7. In response to Request No. 19 of Defendants' First Request for Production of Documents, Plaintiff shall produce all requested documents regarding any past or present claim for workers' compensation benefits.

8. In response to Request No. 32 of Defendants' First Request for Production of Documents, Plaintiff shall produce a copy of all requested materials relating to future anticipated medical expenses.

9. In response to Request No. 33 of Defendants' First Request for Production of Documents, Plaintiff shall produce all requested documentation regarding the amounts actually paid to satisfy his medical bills, regardless of the source of payment.

10. In response to Interrogatory No. 15 of Defendants' First Set of Interrogatories, Plaintiff shall provide contact information for each and every witness known to Plaintiff who claims to have seen or heard any statements related to the incident referred to in Plaintiff's Complaint.

11. In response to Interrogatory No. 27 of Defendants' First Set of Interrogatories, Plaintiff shall produce documentation regarding any additional financial losses as a result of the incident referred to in Plaintiff's Complaint.

Unless otherwise agreed by the parties or extended by the court, Plaintiff shall provide such discovery within thirty (30) days of the date of this order.

SO ORDERED, this 28th day of June 2016.

_____
KIMBERLY A. SWANK
United States Magistrate Judge